UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DELGADO, | ) 1:10cv0720 AWI DLB<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING PLAINTIFF'S MOTION FOR<br>) DEFAULT JUDGMENT<br>)<br>) (Document 18)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| MANN BROTHERS FUEL, INC., | |
| Defendant. | |

Plaintiff Daniel Delgado ("Plaintiff") filed the instant motion for default judgment on September 29, 2010. The motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. The matter was heard on December 10, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Tanya Levinson Moore appeared on behalf of Plaintiff. Rosalynn Nunez initially appeared on behalf of Defendant Mann Brothers Fuel, Inc.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this action on April 23, 2010. He seeks damages and injunctive relief pursuant to the Americans with Disabilities Act, California Civil Code Sections 51 ("Unruh Civil Rights Act"), 54, 54.1, and the California Health and Safety Code. Plaintiff, a disabled wheelchair user, alleges that Defendant Mann Brothers Fuel Inc. dba Johnny Quik Chevron Gas Station #117 is the owner and operator of Johnny Quik #117, a store and gas station located in Fresno, California. Plaintiff contends that when he visited the Johnny Quik #117, he

1  encountered barriers that interfered with his ability to use and enjoy the goods and services
2  offered.  Plaintiff seeks an injunction, statutory damages, attorney's fees and costs.
3         According to the complaint, on an unidentified date, Plaintiff went to the Johnny Quik
4  #117 and encountered barriers associated with parking spaces, ramps, signs, sidewalks,
5  doormats, floormats, toilet facilities, counter access, seating and goods access.  The Complaint
6  identifies approximately 34 separate "barriers."  Plaintiff alleges that he is deterred from visiting
7  Johnny Quik #117.  He contends that the barriers complained of are easy to remove, but
8  Defendant has intentionally refrained from altering the store to comply with accessibility
9  standards.
10        On May 6, 2010, Plaintiff filed a proof of service indicating that Defendant's agent for
11  service, Amar Sandhu, was served by substituted service at his office on May 3, 2010.  The
12  process server left the summons and related papers with Sayda Velaquez, the person apparently
13  in charge.[1]  Copies also were sent by first-class mail on May 4, 2010.
14        In the moving papers, Plaintiff indicates that Defendant's representative contacted his
15  counsel and spoke with a paralegal shortly after service.  Defendant's representative reportedly
16  told the paralegal that he had no intention of responding to the Complaint.  Motion, p. 2;
17  Declaration of Martha Alvizo ¶ 4.
18        The Clerk of the Court entered default on June 25, 2010.
19        When Plaintiff did not receive an answer to the Complaint, counsel conducted a business
20  entity search to verify the status of the corporation.  The search revealed a new agent for service
21  of process, John R. Penna.  On July 27, 2010, Plaintiff served Defendant's agent, Mr. Penna, by
22  substituted service.  Exhibit D to Motion.

---

[1] Under Fed. R. Civ. P. 4, service on a California corporation may be effectuated in accordance with California state law. See Fed.R.Civ.P. 4(e)(1), (h)(1)(A). Section 416.10 of the California Code of Civil Procedure provides that "a summons may be served on a corporation by delivering a copy of the summons and the complaint ... [t]o the person designated as agent for service of process [or][t]o the president, chief executive officer, or other head of a corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager or person authorized by the corporation to receive service of process." Cal.Code Civ. Proc. § 416.10. California law also permits substituted service on a person to be served as specified in Section 416.10 "by leaving a copy of the summons and complaint during usual office hours in his or her office ... with the person who is apparently in charge thereof ..." Cal.Code Civ. Proc. § 415.20(a).

Plaintiff filed the instant motion for default judgment on September 29, 2010.

On November 12, 2010, the Court held a hearing on the default judgment motion. Counsel for both Plaintiff and Defendant appeared at the hearing.[2] Plaintiff did not agree to set aside the default and the parties requested a continuance. The Court directed Defendant to file a motion to set aside the default within ten (10) calendar days. The Court also continued the default judgment motion.

Defendant did not file a motion to set aside the default, respond to the motion for default judgment or appear at the hearing. Counsel for Defendant attended the hearing but moved to withdraw as attorney of record.

## DISCUSSION

A.  Motion to Withdraw As Counsel

At the outset of the hearing, defense counsel requested permission to withdraw as counsel of record for Defendant Mann Brothers Fuel, Inc. Peter Singh, through co-counsel, sought to withdraw based on difficulty communicating with Defendant. Counsel further represented to the Court that Defendant instructed counsel to stop work on this matter. Based on these representations, the motion to withdraw is GRANTED. The Clerk of the Court is ORDERED to RELIEVE Peter Singh and The Law Office of Peter Singh as counsel of record for Mann Brothers Fuel Inc.

B.  Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) provides:

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

---

[2] Defense counsel Peter Singh filed a notice of appearance on the same date.

3

1    "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as
2    true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th
3    Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus,
4    "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed
5    admitted."  10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

6    Factors which may be considered by courts in exercising discretion as to the entry of a
7    default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of
8    plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in
9    the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was
10   due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil
11   Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th
12   Cir. 1986).

13   The Clerk entered default on June 25, 2010.  Defendant is not an infant or incompetent
14   person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors'
15   Civil Relief Act of 1940.  Notice of Motion, p. 2.

16   Having read and considered the declarations, pleadings and exhibits to the present
17   motion, the Court finds that Plaintiff is entitled to the relief requested.  Injunctive relief is
18   authorized under the ADA.  See 42 U.S.C. § 12188(a)(2).  Plaintiff asks for an order compelling
19   Defendant to "remediate barriers" on the property and lists numerous items, including signs,
20   parking bumpers or curbs, side walk gradients, painting of parking spaces, and changes to the
21   toilet facilities.

22   28 C.F.R. Part 36 was created to implement the Americans with Disabilties Act.
23   Pursuant to Section 36.304, barriers are to be removed where such removal is readily achievable,
24   i.e., "easily accomplishable and able to be carried out without much difficulty or expense."  28
25   C.F.R. § 36.304.  As Defendant has not filed an answer or otherwise lodged an objection, the
26   Court finds that removal of the barriers is readily achievable under the ADA.  Given the
27   foregoing, Plaintiff is entitled to the injunctive relief requested.
28

Plaintiff's request for statutory damages totaling $12,000 also is warranted. As to the reasonableness of the statutory damages, Plaintiff cites California Civil Code Section 54.3(a), which states in part:

> Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) . . . .

Plaintiff also indicates that California law awards $4,000 for each violation of the ADA. Indeed, any person denied the rights provided by the Unruh Civil Rights Act (by way of violation of the ADA) is entitled to recover either three times the amount of actual damages proved to the court, or statutory damages in the amount of no less than four-thousand dollars ($4,000) for each offense. Cal. Civ.Code § 52(a).

Plaintiff relies on Arnold v. United Artists Theater Circuit, Inc., 158 F.R.D. 439 (N.D. Cal. 1994) for the proposition that damages are based on actual visits. In discussing damages for violations of California Civil Code Section 54.1, the Arnold court indicated that plaintiffs seeking only statutory minimum damages for each violation must provide, among other things, proof of the number of occasions that each plaintiff visited and was subjected to inadequate accommodations during the relevant period. Id. at 453.

Here, Plaintiff visited Johnny Quik #117 at least three (3) times and attached copies of receipts obtained during these visits. Exhibits A, B and C to Declaration of Daniel Delgado. Plaintiff is entitled to $12,000 in damages based on the three actual visits to Defendant's property.

Additionally, Plaintiff's request for attorney's fees and costs is warranted. Plaintiff requests $6,973.09 in attorney's fees and costs, along with additional costs for appearance at the hearing.

In support of his request for attorney's fees, Plaintiff cites California Code of Civil Procedure Section 1021.5, which provides for the award of attorney's fees to a successful party in

1  an action that resulted in the enforcement of an important right affecting the public interest. Cal.
2  Code Civ. P. § 1021.5.  It is noted that 42 U.S.C. § 12205 permits a prevailing party in an ADA
3  action to recover reasonable attorney's fee, including litigation expenses and costs.  Attorney's
4  fees are also available through Cal. Civ. Code § 52(a), which provides that anyone who makes
5  any discrimination or distinction contrary to the Unruh Act is liable for attorney's fees. Doran v.
6  North State Grocery, Inc., 137 Cal.App.4th 484, 489 (2006); Cal. Civ. Code § 52(a).

7  　　　　Plaintiff submitted the declaration of his attorney, two paralegals and an invoice to
8  support the requested amount of fees.  Plaintiff's counsel declares that she bills at an hourly rate
9  of $350 per hour.  Per counsel, the Eastern District recently found that $350 per hour is a
10 reasonable hourly rate.  Plaintiff cites Wells Fargo Bank, Nat'l Ass'n v. PACCAR Financial
11 Corp., 2009 WL 211386 (E.D. Cal. Jan. 28, 2009), which found that $315.00 was a reasonable
12 rate in this district.  In her declaration, she references Beauford v. E.W.H. Group, Inc., 2009 WL
13 3162249, *5 (E.D. Cal. Sept. 29, 2009), which found that $350.00 was a reasonable hourly rate.
14 Counsel reportedly spent 13.24 hours on this matter for a total cost of $4,634 (13.24 x 350).
15 Declaration of Tanya Levinson Moore ¶ 6 and Exhibit A (Invoice).

16 　　　　Plaintiff also seeks the fees incurred by two paralegals, but does not provide information
17 regarding the prevailing rates for paralegals.  Paralegal Martha Alvizo declares that her hourly
18 billable rate is $115.00 and she spent 5.59 hours on this matter for a total billable amount of
19 $642.85.  Alvizo Dec. ¶ 3.  Paralegal Marejka Sacks declares that her hourly billable rate is $110
20 and she spent 11.25 hours on this matter for a total billable amount of $1,237.50.  Declaration of
21 Marejka Sacks ¶ 3.  The Court finds that the requested fees for paralegal Alvizo are appropriate,
22 but recommends reduction of the total fee award for the $1,237.50 incurred by paralegal Sacks.
23 Although Ms. Sacks reports billing for research and preparing the application for default
24 judgment, there are no billing entries on the Invoice for Ms. Sacks.  Sacks Dec. ¶ 4; and Exhibit

A to Moore Dec. Accordingly, the Court recommends an attorney fee award of $ 5,735.59 ($6,973.09 - 1,237.50).[3]

Plaintiff's request for costs in the amount of $ 458.74 for filing fees, service of process, postage and photocopies is appropriate. Moore Dec. ¶ 8.

## **RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant Mann Brothers Fuel Inc. be GRANTED as specified below;

2. Defendant be ORDERED to remediate the barriers at its facility commonly known as 6840 North Golden State, Fresno, California to conform to ADA requirements as follows:

   a. Install a warning sign regarding the penalty for unauthorized use of designated disabled parking spaces conspicuously at each entrance to the off-street parking facilities stating: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE. TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number)";

   b. Parking spaces shall be located on the shortest accessible route of travel from adjacent parking to the accessible entrance;

   c. An accessible route of travel to the building or facility shall be provided;

   d. Parking bumper or curb must be provided to prevent encroachment of cars over the required width of walkways;

   e. Ramps must not encroach into accessible parking spaces or access aisles;

   f. Surface of the parking spaces and access aisles must not exceed a 1:50 gradient (2.0%) in any direction;

   g. Parking spaces must be a minimum of 18' long; Access aisle on the passenger side must be a minimum of 18' x 5';

---

[3] At the hearing, Plaintiff's counsel also requested fees for attendance at the hearing. The Court directed counsel to submit a declaration in support of such fees. To the extent counsel submits an appropriate declaration, the award of additional fees for hearing attendance is justified.

h. Each parking space reserved for persons with disabilities must be identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

i. Van accessible parking space must have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

j. An additional sign below the symbol of accessibility must state "Minimum Fine $250.00";

k. The words "NO PARKING" must be painted in white on the ground within each access aisle;

l. Sidewalk in front of the store must contain a cross slope less than a 1:50 gradient (2.0%);

m. The door mats at the entrance must be adequately anchored to prevent interference with wheelchair traffic;

n. The floor mats throughout the store must be adequately anchored to prevent interference with wheelchair traffic;

o. There must be a minimum level landing area provided in front of the entrance;

p. Sanitary facilities must display signs in a minimum of two locations: one on the doorway or entryway to the facility, and another one on the wall adjacent to the latch side of the door;

q. There must be an international symbol of accessibility provided on the accessible toilet facilities;

r. There must be directional signage provided to the accessible toilet facilities; The door of the toilet facility must require less than 5 pounds of pressure to operate;

s. The hardware installed on the toilet door must not have a shape that requires tight grasping, pinching and twisting of the wrist to operate;

t. The operable part of the towel dispenser must be located under 40" above the floor;

u. The operable part of the soap dispenser must be located over 40" above the floor;

v. There must be a 18" distance from the side-wall to the centerline of the water closet provided (it is currently obstructed by the toilet paper dispenser which protrudes more than 5" into the required 18" space);

w. The operable part of the toilet seat dispenser must be located less than 40" above the floor;

x. Aisles inside the store must have clearance of 36" or more in width;

y.  There must be an accessible check stand provided;

z.  The cashier counter must be accessible;

aa.  There must be accessible seating provided;

bb.  Accessible seating must be designated as such;

cc.  The goods provided must be located within reach;

dd.  There must be an accessible card reading device provided at the gas dispensing facility.

3. Plaintiff be AWARDED statutory damages in the amount of $12,000.00; and

4. Plaintiffs be AWARDED reasonable attorneys' fees in the amount of $5,735.59 (plus fees for hearing attendance supported by declaration) and costs in the amount of $458.74.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **fourteen (14)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


   IT IS SO ORDERED.

   Dated:  __December 13, 2010__          _____/s/ Dennis L. Beck_____
                                          UNITED STATES MAGISTRATE JUDGE

9