# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DELGADO, | ) 1:10cv0720 AWI DLB )  ) |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATIONS |
| vs. | ) REGARDING CONTEMPT ) |
| MANN BROTHERS FUEL, INC., | ) ) |
| Defendant. | ) |

On June 8, 2012, the Court issued an Order to Show Cause why Defendant Mann Brothers Fuel, Inc. dba Johnny Quik Chevron Gas Station #117 ("Defendant") should not be held in contempt for failing to appear at a May 25, 2012, judgment debtor examination. The Order to Show Cause hearing was held on July 20, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Tanya Moore appeared on behalf of Plaintiff Daniel Delgado ("Plaintiff"). Defendant did not appear or otherwise contact the Court.

## BACKGROUND

Plaintiff filed this disability discrimination action against Defendant on April 23, 2010. Defendant failed to answer the Complaint and, pursuant to Plaintiff's request, the Clerk entered default on June 25, 2010. At the November 12, 2010, hearing on Plaintiff's Motion for

1

Default Judgment, counsel appeared on behalf of Defendant and the matter was continued to allow Defendant to move to set aside the default.

On December 10, 2010, the Court held a second hearing. Defendant had not moved to set the default aside. Counsel for Defendant appeared again, but requested to withdraw as attorney of record. Counsel sought to withdraw based on difficulty communicating with Defendant, and based on Defendant's instruction to stop working on the matter. Counsel was relieved on December 13, 2010.

On January 26, 2011, the Court granted Plaintiff's Motion for Default Judgment and Defendant was ordered to remediate numerous barriers. Plaintiff was also awarded statutory damages in the amount of $12,000.00, attorneys' fees in the amount of $5,735.59, and costs in the amount of $458.74.

Judgment was entered on January 26, 2011.

On April 23, 2012, the Court issued an Order for appearance and examination of judgment debtor Mann Brothers Fuel, Inc. The hearing was set for May 25, 2012. On May 5, 2012, Plaintiff filed a proof of service indicating that John Renna, Defendant's Agent for Service of Process, was personally served with the Order on April 27, 2012. Despite proper service, Defendant did not appear at the hearing.

On June 8, 2012, after Defendant's failure to appear, the Court issued an Order to Show Cause why sanctions should not be imposed. The Order indicated that "Defendant MUST APPEAR" at the July 20, 2012, hearing. To ensure that Defendant had sufficient notice, the Order was served, by mail, on Defendant's President, Harbhajan Singh, and the Agent for Service of Process, John Renna.

Notwithstanding the additional notice, Defendant did not appear at the July 20, 2012, hearing.

On July 23, 2012, Plaintiff filed a request for Writ of Execution in the amount of $18,194.33. The Writ was issued on July 31, 2012.

## **DISCUSSION**

Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within the party's power to comply. In re Dual–Deck Video Cassette Recorder Antitrust, 10 F.3d 693, 695 (9th Cir.1993). District courts have "wide latitude in determining whether there has been contemptuous defiance of its order." Hook v. Ariz. Dep't of Corrections, 107 F.3d 1397, 1403 (9th Cir.1997). Contempt "'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." In re Dual–Deck, 10 F.3d at 695 (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir.1987)). The party moving for a finding of civil contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated the court's order, and "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" Id. (alteration in original) (quotations and citations omitted); Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir.1982).

In this action, Defendant has repeatedly failed to obey the Court's orders despite numerous opportunities to do so. Specifically, Defendant failed to appear at the judgment debtor examination and the Order to Show Cause hearing. Defendant has not offered any explanation for its failures and has not communicated with the Court in any way. The Court therefore recommends that Defendant be found in contempt.

The Court finds that it is appropriate to impose compensatory sanctions equal to the attorneys' fees and costs incurred as a result of Defendant's failure to comply with the Court's orders, subject to proof.[1] A court may award fines as a compensatory sanction, but such "awards are limited to 'actual losses sustained as a result of the contumacy.'" Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir.1986) (citation omitted); see also United Mine Workers, 330 U.S. at 304 (stating that a compensatory fine must "be based upon evidence of

---

[1] Upon adoption of these Findings and Recommendations, the Court will instruct Plaintiff's counsel to submit a declaration setting forth attorneys' fees and costs in connection with the judgment debtor examination and Order to Show Cause hearing.

complainant's actual loss").

**RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that Defendant be found in contempt and that compensatory sanctions, equal to the amount of attorneys' fees and costs incurred as a result of Defendant's failure to comply with the Court's Orders dated April 23, 2012, and June 8, 2012, be awarded.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 2, 2012**                              /s/ Dennis L. Beck
                                                         UNITED STATES MAGISTRATE JUDGE